UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON STRIBLING,

    Plaintiff,

v.

DEPARTMENT OF STATE HOSPITALS, et al.,

    Defendants.

Case No. 19-cv-00299-YGR (PR)

**ORDER DENYING PLAINTIFF'S SECOND MOTION REGARDING FILING FEE; AND GRANTING HIM A SECOND EXTENSION OF TIME TO PAY THE FILING FEE OR FILE A COMPLETED PRISONER *IN FORMA PAUPERIS* APPLICATION**

On January 17, 2019, Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed the present *pro se* prisoner complaint under 42 U.S.C. § 1983.

On the same date, the Clerk of the Court sent a notice to Plaintiff, informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* ("IFP") application. The Clerk sent Plaintiff a blank IFP application and told him that he must pay the fee or return the completed application within twenty-eight days or his action would be dismissed. Thereafter, Plaintiff filed a motion requesting the Court to direct SVSP prison officials to "hand over an institutional check in [his] name to pay the filing fee with [his] money [that] they have complete control over." Dkt. 2 at 1.

On March 12, 2019, the Court denied Plaintiff's request for a Court Order directing prison officials pay the filing fee with his funds. Dkt. 6. The Court stated as follows:

> At this time, the Court cannot review Plaintiff's complaint because he has neither paid the filing fee nor submitted a completed prisoner IFP application form. 28 U.S.C. § 1915(a)(2) provides: "A prisoner seeking to bring a civil action . . . in addition to filing the affidavit . . . , shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." This language is mandatory on its face. While Plaintiff claims that SVSP prison officials are "unwilling[] to release or remove money off [his] books," such a claim is not supported by any evidence showing such conduct. Many cases are filed in this Court by inmates who are housed at SVSP. Some inmates have been able to request SVSP prison officials to access their funds to pay the filing fee, but most inmates (who file IFP applications) have been able to obtain Certificate of Funds and copies of their inmate accounts from

> prison officials.
>
> Although at some point the Court may have to consider whether the Constitution requires an exception to the apparently mandatory requirement of 28 U.S.C. § 1915(a)(2), Plaintiff here has not established a factual basis for such an exception. Thus, Plaintiff is granted an extension of time of up to and including **twenty-eight (28) days** from the date of this Order to pay the filing fee or provide a completed prisoner IFP application form, a Certificate of Funds, and a copy of his inmate trust account showing six months of transactions from SVSP. Blank copies of the aforementioned forms are attached to this Order. Failure to pay the full filing fee or submit a completed prisoner IFP application as ordered herein by the twenty-eight-day deadline shall result in the dismissal of this action without prejudice. However, if Plaintiff provides documented proof of his legitimate requests for his IFP supporting documents and evidence showing that prison officials are obstructing his ability to meet the mandatory requirements of 28 U.S.C. § 1915(a)(2), then the Court will reconsider Plaintiff's request to issue an order directing prison officials to submit the necessary IFP supporting documents. The Clerk shall send Plaintiff a blank prisoner IFP application along with a copy of this Order.

*Id.* at 1-2 (emphasis in original).

To date, Plaintiff has neither paid the filing fee or filed a complete IFP application, and the deadline to do so has passed. Instead, Plaintiff has filed another motion entitled, "Motion for Court to Order Prison [to] Pay Filing Fee Using My Own Money," which is construed as his second request for a Court Order directing prison officials pay the filing fee with his funds. Dkt. 9. Plaintiff claims that he is "attempting to have the filing fee paid by prison staff through a trust withdrawal slip g[iven] to them by [Plaintiff] that they took and made go to the abyss." *Id.* at 9. Attached to his motion is a CDCR Form 22, "Inmate/Parolee Request for Interview, Item or Service," in which Plaintiff requests prison officials to "sign his trust withdrawal so [he] could send [it] to [the] trust office to pay [his] filing fee for [the] court." *Id.* at 2. In the section labeled "Staff Response," it states: "Your trust withdrawal [slips] have been signed." *Id.* Then under the section labeled, "Request for Supervisor Review," Plaintiff writes: "Where did you send the trust withdrawal slips I had you sign?" *Id.* There is no further response on the form.

Again, at this time, the Court cannot review Plaintiff's complaint because he has neither paid the filing fee nor submitted a completed prisoner IFP application form. While Plaintiff now claims that he has "proved the prison wasn't going to pay the filing fee using [his] money," *see id.* at 1, such a claim is not supported by any evidence showing such conduct. In fact, the record

shows that prison officials were attempting to process his request to have his trust withdrawal slips signed. *See id.* at 2. Thus, the Court again finds that Plaintiff has not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison. *See Turner*, 482 U.S. at 84-86; *Wright*, 642 F.2d at 1132. The Court DENIES Plaintiff's second request for a Court Order directing prison officials pay the filing fee with his funds. Dkt. 9. Plaintiff is granted a second extension of time of up to and including **twenty-eight (28) days** from the date of this Order to pay the filing fee or provide a completed prisoner IFP application form, a Certificate of Funds, and a copy of his inmate trust account showing six months of transactions from SVSP. Blank copies of the aforementioned forms are attached to this Order. Failure to pay the full filing fee or submit a completed prisoner IFP application as ordered herein by the twenty-eight-day deadline shall result in the dismissal of this action without prejudice. However, as it has stated before, if Plaintiff provides documented proof of his legitimate requests for his IFP supporting documents and evidence showing that prison officials are obstructing his ability to meet the mandatory requirements of 28 U.S.C. § 1915(a)(2), then the Court will reconsider Plaintiff's request to issue an order directing prison officials to submit the necessary IFP supporting documents. The Clerk shall send Plaintiff a blank prisoner IFP application along with a copy of this Order.

This Order terminates Docket No. 9.

IT IS SO ORDERED.

Dated: May 24, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge