AARON STRIBLING,

    Plaintiff,

  v.

DEPARTMENT OF STATE HOSPITALS, et al.,

    Defendants.

Case No. 19-cv-00299-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On January 17, 2019, Plaintiff, a state prisoner, filed the present *pro se* prisoner complaint under 42 U.S.C. § 1983. On that same date the Clerk of the Court sent a notice to Plaintiff, informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* ("IFP") application. The Clerk sent Plaintiff a blank IFP application and told him that he must pay the fee or return the completed application within twenty-eight days or his action would be dismissed.

Thereafter, the Court granted Plaintiff three extensions of time to pay the filing fee or file a completed IFP application in Orders dated March 12, 2019, May 24, 2019, and June 28, 2019. Dkts. 6, 10, 12. In all aforementioned Orders, the Court warned Plaintiff that the failure to pay the fee or return the completed application shall result in the dismissal of this action without prejudice.

The Court notes that when it granted Plaintiff's first extension request on March 12, 2019, he had also requested for a Court Order directing prison officials pay the filing fee with his funds, in which he claimed that SVSP prison officials were "unwilling[] to release or remove money off [his] books." *See* Dkt. 2. However, in its March 12, 2019 Order, the Court found that such a claim was not supported by any evidence showing such conduct. Dkt. 6 at 1-2. The Court determined that Plaintiff had "not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison." *Id.* at 1 (citing *Turner v. Safley*, 482 U.S. 78, 84-86 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution)).

Prior to being granted his second extension, Plaintiff claimed that he was "attempting to have the filing fee paid by prison staff through a trust withdrawal slip g[iven] to them by [Plaintiff] that they took and made go to the abyss." Dkt. 9. at 9. The Court noted in its May 24, 2019 Order that Plaintiff had submitted evidence showing that SVSP prison officials were attempting to process his request to have his trust withdrawal slips signed. Dkt. 10 at 2-3 (citing Dkt. 9 at 2). Thus, the Court found that Plaintiff had still "not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison." *Id.* at 3 (citing *Turner*, 482 U.S. at 84-86; *Wright*, 642 F.2d at 1132. Thus, the Court denied Plaintiff's second request for a Court Order directing prison officials pay the filing fee with his funds. *Id.* As mentioned, Plaintiff was instead granted a second extension of time to pay the filing fee or file a completed IFP application. *See id.* However, instead of doing so, Plaintiff filed another motion entitled, "If Filing Fee Still Not Paid Yet Then Motion for Extension of Time," which was construed as his third request for an extension of time. *See* Dkt. 11. Plaintiff claimed that he had "tried again to have prison officials send a check/answer in [his] name to this court to pay the filing fee [but he] do[es]n't know if they did . . . ." *Id.* at 1. Plaintiff added that if the fee had not been paid, then he requested "an extension of time to put this case off for a year." *Id.* The Court denied Plaintiff's request for a one-year extension as unwarranted, and granted him a twenty-eight day extension of time to pay the filing fee or provide a completed prisoner IFP application form. Dkt. 12 at 1. The Court further added as follows: ". . . this is the third and ***final*** extension in this case. **No further extensions of time will be granted in this case absent extraordinary circumstances.**" *Id.*

The most recent deadline for Plaintiff to pay the fee or return the completed application was July 26, 2019. That deadline has since passed, and Plaintiff has neither paid the fee or filed a completed IFP application. He has not communicated with the Court since June 25, 2019, in which he requested for a one-year extension of time. *See* Dkt. 11. Accordingly, this action is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: September 24, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

2